CLARK *vs.* FLEMING, next friend.

1. A man having died while in a state of separation from his wife, and while under the care and nursing of his father and mother, and his effects (of small value), together with his only child about eight years of age, having, as a consequence of his death, passed into the custody of his father, such custody was rightful both as to the property and the child; and afterwards when the child had passed into the custody of its own mother, the child did not have a right of action against its grandfather for the property, and an action of trover against him brought by the mother as next friend of the child, even if brought after demand and refusal, was not maintainable.

2. The proper mode of obtaining control of the property and applying it to the use and benefit of the child, is by having it set apart under §2571 of the code.

April 21, 1887.

Husband and Wife. Parent and Child. Actions. Year's Support. Before Judge HARRIS. City Court of Macon. September Term, 1886.

Reported in the decision.

Ross & BLOUNT, for plaintiff in error.

STEED & WIMBERLY, for defendant.

BLECKLEY, Chief Justice.

Clark died after being separated from his wife about seven years. His father and mother had the care of him in his last illness and nursed him. He left one child about eight years old, and some personal effects of small value, consisting chiefly of household and kitchen furniture. One item was a bank-book. According to the declaration, all the property, including the bank account, was less than $100. Or, construing the declaration in another way (I am not sure which is the correct construction), it was less than $200. The child and the property went into the custody, by some means not explained, of Clark's father, the child's grandfather. About six months thereafter, the child, having at last come into the custody of its own mother, brought an action, by her as its next friend, against the grandfather, for the recovery of this property. On the trial of the case, the facts which I have just recited appeared in the proof; and the mother testified that there were no debts of the deceased—that she knew there were none because she knew it. She further testified that she had demanded possession of this property, without specifying whether it was before the suit was brought or after. A motion was made to nonsuit the case, which was overruled, and a judgment was rendered for the plaintiff.

1. There had been no administration, so far as appears, and this child had not had possession of the property. It was too young. The grandfather took possession both of the child and the property; the child had no possession except through the grandfather, and his possession was rightful. There was nothing wrong in his taking the property after his son's death and holding it until some one appeared who could give him a legal acquittance. This woman could not do so, because she had no title. The grandfather had not converted the property, as against her or as against the child, so far as appears from the evidence. Against him, therefore, there was no cause of action in favor of anybody.

A man having died while in a state of separation from his wife, and while under the care and nursing of his father and mother, and his effects (of small value), together with his only child about eight years of age, having, as a consequence of his death, passed into the custody of his father, such custody was rightful both as to the property and the child; and afterwards, when the child had passed into the custody of its own mother, the child did not have a right of action against its grandfather for the property, and an action of trover against him, brought by the mother as next friend of the child, even if brought after demand and refusal, was not maintainable.

2. The proper mode of obtaining control of the property and applying it to the use and benefit of the child, is by having it set apart under §2571 of the code, which provides that "if it shall appear, upon a just appraisement of the estate, that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate for the support and maintenance of such widow and child or children, or if no surviving widow, to the lawful guardian of the child or children for their benefit."

Judgment reversed.